Jerry G. GUNDLACH, Appellant,

v.

Theodore J. JANING, Sheriff, et al., Appellees.

No. 75–1932.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1976.

Decided May 26, 1976.

J. Patrick Green, Omaha, Neb., for appellant; David L. Herzog, Omaha, Neb., on brief.

H. L. Wendt, Deputy County Atty., Omaha Neb., for appellee; Donald L. Knowles, Douglas County Atty., Omaha, Neb., on brief.

Before BRIGHT and HENLEY, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

PER CURIAM.

Jerry G. Gundlach, a Nebraska state prisoner, brings this 28 U.S.C. § 2254 petition claiming that his state convictions for receiving stolen goods and automobiles [1] were tainted by evidence discovered through search and seizure of his property made in violation of his fourth amendment constitutional rights. His claims arise from an initial search of his property made by a private party. Petitioner asserts that the search violated his constitutional rights because the Omaha Police Department, upon being informed that the private party was considering making a search, did not notify the private party that a search would possibly be illegal, nor dissuade that party from making that search.

The record discloses that the Omaha police did not participate in the questioned search or in any way encourage the private party to conduct the search. The fourth amendment affords no protection against a wrongful search and seizure of property by an individual absent any government participation. *Burdeau v. McDowell*, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921); *cf. United States v. Luciow*, 518 F.2d 298, 300 (8th Cir. 1975); *United States v. Burton*, 475 F.2d 469, 471 (8th Cir. 1973).

The district court (Judge Robert V. Denney) in a well-reasoned and persuasive opinion denied petitioner's application for a writ of habeas corpus. We agree and affirm on the basis of that opinion.[2]

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. The Nebraska Supreme Court affirmed petitioner's convictions, *State v. Gundlach*, 192 Neb. 692, 224 N.W.2d 167 (1974), *cert. denied*,

---

421 U.S. 933, 95 S.Ct. 1663, 44 L.Ed.2d 92 (1975).

2. *Gundlach v. Janing*, 401 F.Supp. 1089 (D.Neb. 1975).